THE FULTON CO. *v.* MASSACHUSETTS BONDING & INSUR-
ANCE COMPANY.

## (*Knoxville.*   September Term, 1917.)

1.   **INSURANCE.   Casualty insurance.   Master and servant.
Law as to age.   Infants.**
A child between fourteen and sixteen years of age employed in
violation of Acts 1911, chapter 57, section 5 (Thompson's Shan-
non's Code, section 4342a-48), requiring that there should be a
sworn statement on file as to the ages of minors between four-
teen and sixteen years, was employed in violation of the "law
as to age" within the meaning of a policy of a liability com-
,pany providing that it should not be liable in that event.
(*Post, pp.* 280-284.)

Acts cited and construed:   Acts 1911, ch. 57; Acts 1881, ch. 170;

Acts 1893, ch. 159; Acts 1901, ch. 34.

Cases cited and approved: Queen v. Dayton Coal, etc., Co., 95
Tenn., 458; Iron Co. v. Green, 108 Tenn. 161.

2.   **MASTER AND SERVANT.   Infants.   Filing oaths as to age.
Negligence.**
Employment of minors in violation of Acts 1911, chapter 57, sec-
tion 5, requiring that one employing minors between fourteen
and fifteen years of age keep a sworn statement on file as to
the child's age, is negligence. (*Post, pp.* 284-285.)

Cases cited and approved:   Stetz v. Mayer, etc., Co., 163 Wis., 151;
Norman v. Virgina Pocahontas Coal Co., 68 W. Va., 405.

Case cited and distinguished:   Klicke v. Allegheny Steel Co., 200
Fed., 933.

3.   **INSURANCE.   Indemnity insusance.   Duty to defend.**
Where employment of a minor was in violation of Acts 1911,
chapter 57, section 5, as to age, on injury to the employee in-

Fulton Co. v. Mass. Bonding & Ins. Co.

,demnity insurer was not called upon to defend the employee's action. (*Post, pp.* 285.)

4. **INSURANCE. Casualty insurance. Undertaking defense. Estoppel to deny liability.**

Where a liability company undertook a defense of a master for negligent injury with the understanding that plaintiff was over sixteen years of age, it was not estopped to withdraw from the litigation and deny liability when it found that the plaintiff was fifteen years of age, and that Acts 1911, chapter 57, section 5, requiring that a sworn statement as to the age of infant employees between fourteen and sixteen years be kept on file, had been violated, and the policy of indemnity providing that the insurer was not liable as to persons employed in violation of the law as to age. (*Post, pp.* 285, 286.)

Cases cited and approved: Tozer v. Ocean, etc., Co., 94 Minn., 478; Employers' Liability Assur. Corp. v. Chicago, etc., Coke Co., 141 Fed., 962; Sargent Mfg. Co. v. Travelers' Ins. Co., 165 Mich., 87.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County. —WILL D. WRIGHT, Chancellor.

CORNICK, FRANTZ, McCONNELL & SEYMOUR, for appellant.

CHARLES H. SMITH and L. D. SMITH, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action on a policy of liability insurance for the recovery of the amount the complainant com-

pany was held to pay one of the employee's in its factory, one Kendrick, in an action at law successfully prosecuted by the latter, which defendant had refused to defend.

The policy indemnified the Fulton Company in this language:

"Subject to the limits hereinafter provided for against loss from the liability imposed by law upon the assured for damages on account of bodily injuries . . . accidently suffer or alleged to have been suffered by any employee . . . of the assured, by reason of the business of the assured as described and conducted at the locations named in the schedule of warranties.

. . . It is understood and agreed that this policy does not cover:

"3. Persons employed in violation of the law as to age."

The insurance company defends on the ground that the employment of Kendricks was illegal, because of a violation of Act 1911, chapter 57 (Thompson's Shannon's Code, section 4342a-44 *et seq.*) the pertinent sections of which are as follows:

Section 1 makes it unlawful for any owner to employ, or permit to work, any child less than 14 years of age in any factory.

"Sec. 5. That it shall be unlawful for any proprietor, foreman, owner, or other person to employ, permit, or suffer to work any child between the ages of fourteen and sixteen years in, about, or in connection with any place or establishment named in section 1, unless

said proprietor, foreman, owner, or other person keep on file and accessible to the shop and factory inspector a sworn statement made by the parent or guardian or any person acting as guardian of such child, setting forth the place and date of birth of such child, and whoever shall make false statement as to the age of such child in such sworn statement shall be deemed guilty of perjury."

Section 6 makes a violation by the factory owner a misdemeanor punishable by fine.

The employee, Kendrick, was between the ages of fourteen and sixteen years. It is insisted for complainant, however, that the provision in the policy relieving the defendant of liability where the person is employed "in violation of the law as to age" has no application because, they urge, section 5 of the act is not a law concerning age. The argument runs: It cannot be said that Kendrick was employed in violation of law as to age, because, while the law permitted his employment in the particular capacity in which he was acting when injured, it also required that the employer keep a certificate of his age on file and makes it a criminal offense not to do so. Kendrick, it is said, was employed "in violation of law" requiring a certificate to be kept on file for the convenience of the factory inspector, but he was not employed "in violation of the law as to age".

This contention overlooks an important consideration. As we construe the statute the employer, in order to be excused from liability under section 5, must

first have a statement that can be kept on file, to wit, one made by the parent or guardian in respect to the age of the child. Such a statement was not taken by the employer. The argument for complainant outlined above proceeds as if the statement had been taken and the only failure was the one in respect of filing it in a place accessible to the factory inspector.

We need not, therefore, determine the effect of such a failure to file, as constituting or not constituting negligence that would render the employer liable to a child for injuries suffered, if we are not in error in the construction just indicated.

That this is the proper construction of section 5 is demonstrated by a reference to our previous legislation on the subject of child labor.

The earliest act was that of 1881, chapter 170, providing that no boy under twelve years of age should work in any mine, "and proof must be given of his age, by certificate or otherwise, before he shall be employed, and no father or other person shall conceal or misrepresent the age of any boy knowingly." A violation of the act was declared a misdemeanor.

Act 1893, chapter 159, is as follows:

"Section 1. That it shall be unlawful for any proprietor, foreman, owner, or other person to employ any child less than twelve (12) years of age in any workshop, mill, factory, or mine in this state.

"Sec. 2. That if any proprietor, foreman, or owner should not be informed as to the age of the child, he or they can request the parent or guardian to furnish

a sworn statement, which shall be sufficient proof of the age of the child.

"Sec. 3. That any proprietor, foreman, or owner employing a child less than twelve (12) years of age, or any guardian or parent giving such sworn statement for a child less than twelve (12) years of age, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than fifty dollars ($50) nor more than five hundred dollars ($500)."

By Act 1901, chapter 34, the age was raised from twelve to fourteen years.

Then followed the present act of 1911, chapter 57, which adopted the age of fourteen for the first time for unconditional inhibitions as to factory labor. Theretofore, the law had been framed to permit of the employment of children under fourteen, provided a sworn statement or certificate was obtained. Doubtless the legislature took note of the fact that parents under previous enactments furnished certificates when the facts did not warrant, and that the statute as to practical, beneficent operation was subverted.

It was intended by the latest enactment no longer to permit this in respect of children under fourteen years of age. However, when it came to dealing with children between fourteen and sixteen, the former system, touching parents' certification under oath, was adopted.

Liability under Act 1881 was declared, where such certificate was not taken, in *Queen* v. *Dayton Coal etc., Co.,* 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82,

49. Am. St. Rep., 935, and under the act of 1893 in *Iron Co.* v. *Green,* 108 Tenn., 161, 65 S. W., 399.

It cannot be doubted that the failure to take such a certificate as to age, under the oath of the parent or guardian, makes a case of the equivalence of negligence on the part of the employer. If uncertain as to the age of a boy offering for employment, it is the duty of the employer to take the affidavit, in order to his later excuse from liability because of accidents.

In *Klicke* v. *Allegheny Steel Co.,* 200 Fed., 933, 119 C. C. A., 317, the liability of an employer for injuries suffered by an underage plaintiff employee was asserted under section 7 of Penn. Pub. L., 1909, p. 283, which provides:

"No minor under the age of sixteen years shall be employed . . . unless the employer of said minor procures and keeps on file, and accessible to the deputy factory inspectors, the employment certificate as hereinafter provided, issued to said minor."

A later section makes the violation of the act a misdemeanor.

It was held, upon a finding that no certificate was procured by the employer, that the employment was illegal and established a case of negligence on the part of the employer.

See, also, *Stetz* v. *Mayer, etc., Co.,* 163 Wis., 151, 155 155 N. W. 971; *Norman* v. *Virginia-Pocahontas Coal Co.,* 68 W. Va., 405, 69 S. E., 857, 31 L. R. A. (N. S.), 504. Our cases, cited above, necessarily proceed upon that basis, since liability on the part of the owner of

a factor was fixed under statutes conditional in nature —excusatory when a sworn statement was procured.

We therefore hold that the employment of Ken drick by complainant company was in violation of the law as to age, and that the insurer was not called upon to defend the employee's action.

In view of the above ruling we conceive that it be comes necessary to notice only one other assignment of error filed by the Fulton Company. This is to the effect that the insurer has waived its right to claim nonliability based upon the third ground of exception to liability in the contract above set forth. In support of this assignment it is said that after having had a year's notice that Kendrick claimed to be fifteen years of age, the insurer took charge of the litigation, and through its attorney filed defensive pleas in the name of the insured, and thereafter withdrew from the litigation, denying liability.

There are authorities (*Tozer* v. *Ocean etc., Co.*, 94 Minn., 478, 103 N. W. 509, *Employers' Liability Assur. Corp.* v. *Chicago, etc., Coke Co.*, 141 Fed., 962, 73 C. C. A., 278) which hold that after assuming and maintaining control of a litigation until final adverse judgment, understanding the situation, an estoppel *in pais* is raised against the insurer to deny liability, he not having gone forward conditionally or after giving notice that he proceeded conditionally.

But where, as here, the attorney of the insurer was informed by the insured's secretary that it could be shown that the boy, Kendrick, was over sixteen

years of age, and that an investigation and report would he made as to it, failing to receive which the attorney made an investigation himself and learned, after the filing of the pleas, that the claimant was fifteen, neither an estoppel nor a waiver prevented the insurer, on promptly retiring from the case, from denying liability. *Sargent Mfg. Co.* v. *Travelers' Ins. Co.,* 165 Mich., 87, 130 N. W., 211, 34 L. R. A. (N. S.), 491, and cases cited in note.

The chancellor having pronounced a correct decree, it is affirmed.