**AMERICAN INDEMNITY CO. v. SEARS, ROEBUCK & CO.**

**SAMUEL STAMPING & ENAMELING CO. v. SEARS, ROEBUCK & CO.**

Nos. 11383, 11384.

United States Court of Appeals
Sixth Circuit.

April 9, 1952.

W. H. Hoffstot, Jr., Kansas City, Mo. (Edward W. Kuhn, and McDonald, McDonald & Kuhn, all of Memphis, Tenn., Henry W. Buck, W. H. Hoffstot, Jr., and Morrison, Hecker, Buck, Cozad & Rogers, all of Kansas City, on the brief), for appellants.

W. P. Armstrong, Jr., Memphis, Tenn. (Emmett W. Braden, Walter P. Armstrong, Jr., Memphis, Tenn., on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appeal in 11,383 is from a judgment on a manufacturer's and contractor's liability policy, issued by the appellant to the Samuel Stamping & Enameling Company, insuring it against any liability for claims against it based upon defects in its product, and covering specifically its Homart floor furnace. The policy had been extended, by endorsement, to include Sears, Roebuck & Company, as retailer of this product. The appeal in 11,384 is from a judgment of dismissal without prejudice in a companion suit by Sears against Samuel. The cases were tried together, brought here upon a single record, and briefed and argued as one.

But two issues were involved, both in respect to the coverage of the policy: (1) One dealing with denial of liability on the ground of negligence by Sears, (2) denial of liability based upon express warranty by Sears, allegedly unauthorized by Samuel. In 1947, Samuel had shipped a consignment of the furnaces to Sears', Kansas City, Missouri, store. Each furnace was encased in a wire-bound slatted crate, and was supposed to include a furnace unit, a gas pressure regulator, and a draft diverter. One of the furnaces from this consignment was sold to Jerome Wolfe, delivered to him in its original crate, not opened or damaged, and installed by Wolfe in his home. Not long thereafter, Wolfe's wife and son were asphyxiated, allegedly by gas escaping from the floor furnace, and died. Wolfe's father-in-law and another son were injured. Wolfe reported the tragedy to Sears, which made an investigation and concluded that the injuries were due to faulty installation by Wolfe. On June 21, 1948, Wolfe started suits for damages against Sears. In one count of his

petitions, he relied upon breaches of warranties arising out of representations in respect to the floor furnace delivered to him, upon which he relied. Representations were, in words, as follows:

> "'No odor, or gases * * *. Air stays fresh and clean';
>
> 'Entirely safe, tested and approved by The American Gas Association and by Sears' own laboratory';
>
> 'New-type gas control provides correct draft, prevents back draft that might blow out pilot.'"

In another count, Wolfe alleged that Sears had negligently and carelessly failed to make a reasonable inspection of the furnace sold and delivered to him and that such inspection would have revealed that there was no draft diverter attached to or furnished with the furnace, that without such draft diverter carbon monoxide gases and fumes would be discharged into the basement and rooms of his house, that such fumes and gases did escape and, proximately, caused the death of his wife and son and injuries to the others.

Sears tendered the defense of the cases to the insurer, which declined to defend. Sears, then, settled the lawsuits upon American agreeing that no question would be raised as to the reasonableness of the amount, or the propriety of making the settlement. Sears, then, demanded reimbursement from American and, upon its refusal, filed suit, to which Samuel was later joined, as a co-defendant. The case was tried to the Court without a jury which found that Wolfe's claims were not within the policy exclusions and that American was, therefore, bound to defend and now obligated to reimburse Sears for the money paid out in settlement.

The endorsement on the policy extending coverage to Sears, insofar as it need be considered, provides:

> "Notice accepted that the insurance afforded under this policy, with respect to the interest of Sears, Roebuck & Company, does not apply: (1) to liability arising from the negligence of Sears, Roebuck & Company, (2) to any express warranty unauthorized by the Samuel Stamping & Enameling Company."

It is the appellant's contention that the acts or omissions of Sears, in respect to whether or not they came within the coverage of the policy or its exclusions, must be determined by the allegations of the petition of the primary plaintiff and if such acts or omissions, as there alleged, were within the exclusion clause, that is the end of the matter and the insurer has no obligation to defend. This may be granted without argument or decision. It may also be granted, likewise without decision, that if the suits against Sears sought recovery solely upon the basis of the negligence of Sears, there was no liability on the part of the insurer. It must be observed, however, that Wolfe claimed recovery upon another ground, namely, that Sears was guilty of breach of warranties. This claimed fault does not, however, on its face, fall outside the general coverage of the policy, the exclusion clause being limited solely to warranties which are not authorized. The appellant contends, however, that since Wolfe did not know, and could not have known, what representations by Sears were, or were not, authorized and that the insurer, likewise, did not know and had no means of determining its exposure, the allegations of the Wolfe petitions must be read in the language of the exclusion clause and, so, as though the petitions had charged that the representations were unauthorized by the manufacturer of the furnaces. But the exclusion clause was drawn by the insurer. It was careful to limit its coverage to authorized representations made by its primary insured and to exclude from coverage any liability to Sears for claims based upon unauthorized warranties. Under familiar rules of interpretation, the exclusion clause must be strictly construed. It is a long established rule of construction that provisions of a contract, if uncertain, must be construed more strictly against one who draws it, and also a long established rule, that one claiming to be excepted from general liability must bring himself clearly within the exception. It is the insured which made the distinction between au-

thorized and unauthorized warranties, and cases which hold the insurer not obliged to defend claims, on their face, falling without the coverage are not here apposite. This is not such case.

We are, therefore, presented with this situation: one count of the Wolfe's petitions is based upon the negligence of Sears, the other on representations allegedly amounting to warranties relied upon by the plaintiff but not within the exclusion clause, strictly construed. Unless the warranties were unauthorized by Samuel, the American was under duty to defend the suits, Maryland Casualty Co. v. Moritz, Tex.Civ.App.1940, 138 S.W.2d 1095. The District Court found, as a fact, that the warranties made by Sears were authorized by Samuel. There is substantial evidence supporting the finding. There was testimony by an employee of Sears that the first printing of its catalogue was sent to Samuel; that, subsequently, he visited the Samuel plant, opened the page of the catalogue to the item involved, that the Samuel's representative looked at it and that there was conversation about ways to improve the presentation. No objections were ever made to any of the catalogue representations. We are unable to say that the Court's finding was clearly erroneous, Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A. Even though one of the claims of Wolfe against Sears came within the exceptions to coverage, the insurer was under a duty to defend, if upon any ground there might be a recovery within the policy terms, Christian v. Royal Insurance Company, 185 Minn. 180, 240 N.W. 365; Maryland Casualty Company v. Moritz, supra.

The appellant complains of an erroneous application of the law as to the burden of proof, the Court reciting, in its opinion, that the burden was upon the insurer to prove that Sears came within the policy exclusions. We think the contention to be without merit. The rule is that where there is general coverage in an insurance policy, subject to specific exceptions, the burden is on the insurer to bring itself within the exception. It is fully discussed in 15 Rose's Notes, Rev.Ed., page 1020  It has been so held in most of the suicide cases, National Union v. Fitzpatrick, 5 Cir., 133 F. 697; Stevens v. Continental Casualty Company, 12 N.D. 463, 469, 97 N.W. 862; the leading case being Home Benefit Ass'n v. Sargent, 142 U.S. 691, 12 S.Ct. 332, 35 L.Ed. 1160, and has been followed in analogous cases, Grand Fraternity v. Melton, 102 Tex. 399, 401, 117 S.W. 788; Connecticut Mutual Life Insurance Co. v. McWhirter, 9 Cir., 73 F. 444, 449; Meadows v. Pacific Mutual Insurance Company, 129 Mo. 76, 92, 31 S.W. 578; Fidelity & Casualty Co. v. First Bank of Fallis, 42 Okl. 662, 142 P. 312, 314. We think the judgment in favor of Sears in 11,383 must be sustained.

In 11,384, the Court dismissed without prejudice the suit of Sears v. Samuel and Samuel appeals. It contends that the Court abused its discretion in dismissing the suit without prejudice. In view of our decision in 11,383, it becomes unnecessary to rule upon this issue. Sears can have but one recovery, whether against American on its policy or against Samuel for the failure of its product. Our judgment being that it may recover on the policy its claim against Samuel becomes moot. So deciding,

The judgment in 11,383 is affirmed and the appeal in 11,384 is dismissed.