FIRST NATIONAL BANK IN BRISTOL, TENNESSEE,
Administrator of the Estate of Bob Young,
Deceased,

*v.*

SOUTH CAROLINA INSURANCE COMPANY
OF COLUMBIA, SOUTH CAROLINA.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

CURTIN, HAYNES & WINSTON, Bristol, Tenn.-Va., for
appellant.

GORE, GORE & McINTYRE, Bristol, ROBERT B. DAVIS, Bristol, Va., for appellee.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a suit by the First National Bank in Bristol as Administrator of Bob Young, deceased, against defendant Insurance Company for attorneys fees of $750 and stenographic fees of $30.45.

The basis of this suit is that in an automobile accident the insured, Young, was killed and a young man by the name of Harold Dollar was injured.

The deceased, Young, was driving the vehicle at the time of the accident and was insured by the defendant, Insurance Company.

At the time of the accident Young was insured against liability in connection with operation of an automobile with the defendant, Insurance Company. The Company declined to defend the suit and advised the administrator of the estate of Young on the ground that the policy excluded coverage of the cause of action stated. The administrator employed individual counsel at its expense.

Before the trial of the case counsel for administrator of Young's estate advised the company that it was its

position that while Dollar, a minor, did at times work part-time as an employee of Young, at the time of the injuries he was not engaged in the course of his employment, and did not occupy the status of an employee but was a guest in Young's car.

Counsel for the estate successfully defended the suit and then made demand that the insurance carrier pay their attorneys fees of $750 and stenographic fee of $30.45. The Insurance Company denied any obligation to pay the attorneys fees and costs.

This suit was to recover from the Insurance Company the amount which was paid out by the administrator.

The automobile liability policy had in effect a standard exclusion clause as follows:

"Exclusions: This policy does not apply to Part 1: (e) to bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any Workmen's Compensation law, or (2) other employment by the insured;"

So the question before us is whether an insurance carrier is obligated to defend the suit against its insured, wherein the facts set forth in the declaration allege a single cause of action not covered, but excluded, by the provisions of its policy, when the insured prior to trial advised the carrier that the actual facts were contrary to, and took the cause of action out of the policy exclusion.

The declaration alleges a single cause of action and that under the provisions of the insurance policy excludes recovery where the relationship of employer and employee exist.

The determining factor before the Court is is there an obligation on the Insurance Company to defend any suit against its insured when the declaration states for a cause of action a set of facts which themselves exclude a recovery.

In the case of *South Knoxville Brick Co. v. Empire State Surety Co.*, 126 Tenn. 402, 150 S.W. 92, 94, the Court definitely indicated an insurance carrier was to look to the contents of its policy and the averments of the declaration in determining its obligation. It was stated:

"Under its contract, if the accident upon which the suit was based was one of those described in the policy, it was the company's duty to undertake the defense or indemnify assured. Only the courts can determine whether a particular suit is groundless. This suit was not groundless, according to the averments of the declaration."

See also *Fulton Co. v. Massachusetts Bonding & Ins. Co.*, 138 Tenn. 278, 197 S.W. 866.

The complainants contend that the insurer is obligated to go beyond the pleadings stated by the plaintiff in order to determine its liability to defend its suit against its named insured must be rejected.

There is no doubt from the averments of the declaration that young Dollar was an employee of the insured at the time of the accident.

In this connection see *American Indemnity Co. v. Sears, Roebuck & Co.*, 6 Cir., 195 F.2d 353, and also *Clinchfield R. Co. v. United States Fidelity & Guaranty Co.*, D.C., 160 F.Supp. 337.

It results that we find no error in the decree of the Chancellor and it is affirmed.