Joseph **PORTARO**, Plaintiff-Appellant,

v.

**AMERICAN GUARANTEE & LIABIL-
ITY INSURANCE COMPANY,**
Defendant-Appellee.

No. 14930.

United States Court of Appeals
Sixth Circuit.

Dec. 28, 1962.

Lewis Einbund and William J. Kraus, Cleveland, Ohio, for appellant.

George J. Umstead, Cleveland, Ohio (Leslie R. Ulrich, Jamison, Ulrich, Hope, Johnson & Burt, Cleveland, Ohio, on the brief), for appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

O'SULLIVAN, Circuit Judge.

Plaintiff-appellant, Joseph Portaro, sought a declaratory judgment, based on an insurance policy, to compel defendant-appellee, American Guarantee & Liability Insurance Co., to defend him, and to pay any judgment that might be recovered against him, in a tort action then pending against him in the Court of Common Pleas of Cuyahoga County, Ohio. The tort action charged Portaro with an assault and battery upon a woman patron of a beauty parlor operated by a corporation of which he was an officer. The District Judge tried the cause on stipulated facts and dismissed the complaint.

An Ohio corporation, Lady Beautiful, Inc., d/b/a Jo Portaro, was the named insured in a comprehensive liability policy issued by defendant. The term "insured" included any officer of the named insured, while acting within the scope of his duties. Portaro was an officer of the insured corporation. By its policy, as originally issued on or about July 30, 1958, the defendant agreed:

> "I—Coverage A—*Bodily Injury Liability*
>
> "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as

damages because of bodily ·injury * * * sustained by any person and *caused by accident.*"

The policy further provided:

"3(d) *Assault and Battery.* Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The policy further provided that "with respect to such insurance as is afforded by this policy" the company would defend any suit against the insured, even if such suit be groundless. By an endorsement on the policy, its coverage was changed from an "accident" basis to an "occurrence" basis. The endorsement, entitled "Occurrence Basis," provided that:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability applies, subject to the following provisions:

"1. In Insuring Agreement I, the words 'and caused by accident' and 'caused by accident' whichever appear, are deleted, and elsewhere the word 'accident' is amended to read 'occurrence.'

"2. 'Occurrence' means an event * * * which unexpectedly causes injury * * *."

The effect of such endorsement was to amend Coverage A of the policy to read:

"I. Coverage A—*Bodily Injury Liability.*

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * sustained by any person."

and to amend paragraph 3(d) to read:

"3(d) *Assault and Battery.* Assault and battery shall be deemed an *occurrence* unless committed by or at the direction of the insured."

Relying on Sec. 3(d), defendant refused to defend appellant in the civil action wherein he was charged with having committed an assault and battery on a patron of the beauty parlor operated by Lady Beautiful, Inc. The patron brought a separate action against the corporation, Lady Beautiful, Inc., based on the same alleged tort for which she sued Portaro, individually. Defendant accepted the defense of the action against the corporation, and does not question the corporation's coverage by the policy involved.

Plaintiff-appellant contends, first, that defendant is required to defend him in the assault action even though it might be held that defendant would not be required, under the policy, to pay a judgment obtained against him. His second position is that the policy, as amended by the endorsement, no longer excludes coverage for an assault and battery committed by the insured; or, in the alternative, that Coverage A and Section 3 (d) are inconsistent with each other and create an ambiguity which must be resolved against defendant and in favor of coverage. This is a diversity case and Ohio law controls.

1. *Duty to defend, irrespective of coverage.*

In Insuring Agreement II of the policy, the defendant agrees to "defend any suit against the insured" but such agreement is "with respect to such insurance as is afforded by this policy." Under Ohio law, the insurance carrier's duty to defend depends upon whether the allegations of the petition or complaint describe an occurrence or event which is within the coverage of the policy. Socony Vacuum Oil Co. v. Continental Casualty Co., 144 Ohio St. 382, 59 N.E.2d 199; Lessak v. Metropolitan Casualty Insurance Co. of New York, 168 Ohio St. 153, 151 N.E.2d 730; 30 O.Jur. (2) 586–588 "Insurance" § 647. If the defendant company's policy does not provide Portaro with coverage for liability for an assault and battery committed by him, as the complaint in the suit against him charged, the company was not obligated to undertake the defense of such action.

2. *Was Portaro insured against liability for an assault and battery committed by him?*

Portaro's position on this question is stated as follows: Before the

amendment of the policy, the word "accident" served as a common link between Insuring Agreement I and clause 3(d). When the policy was changed to an "occurrence" basis, the word "occurrence" was not substituted, in Insuring Agreement I, for the phrase "and caused by accident" although the endorsement provided that "elsewhere" in the policy (other than in Coverage A) such substitution was to be made. From this, he argues that clause 3(d) was, after the endorsement, no longer effective as a limitation on the coverage of the policy. In any event, he argues, the amendment created an ambiguity which, under familiar rules, is to be resolved against the insurance company and in favor of coverage.

We find no ambiguity. We must construe this insurance contract as a whole, and give effect to all its provisions if they are consistent with each other and with the obvious intent of the contracting parties. 3 Williston on Contracts, Rev.Ed., 1779–1781; Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 76 L.Ed. 416; Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 462, 463, 14 S.Ct. 379, 38 L.Ed. 231; 30 O.Jur. (2) 223, 224, "Insurance" § 212. It is clear to us that, as amended, the intention of the policy before us was to protect all included within the meaning "insured" against liability for "occurrences." It is equally clear to us that when, by clause 3(d), it was provided that "an assault and battery shall be deemed an occurrence *unless* committed by * * * the insured," the intention to refuse coverage to Portaro, an "insured" within the meaning of the policy, for an assault and battery committed by him is manifest.

Our holding renders it unnecessary to consider whether public policy forbids insurance coverage for an alleged intentional tort such as assault and battery. (See Rothman v. Metropolitan Cas. Ins. Co., 134 Ohio St. 241, 16 N.E.2d 417, 117 A.L.R. 1169). We hold that defendant's policy does not provide Portaro protection against liability for an assault and battery committed by him, and we further hold that defendant was not required to defend an action in which he was so charged.

The judgment of the District Court is affirmed.