MICHIGAN MUTUAL INSURANCE COMPANY and City of Chattanooga, Tennessee, Plaintiffs-Appellants,

v.

ROYAL INDEMNITY COMPANY, Sullivan, Long & Hagerty, Inc., and Willard E. Dowlen, Defendants-Appellees.

No. 15007.

United States Court of Appeals Sixth Circuit.

Feb. 23, 1963.

---

Sizer Chambliss, Chattanooga, Tenn., Jac Chambliss, Chambliss, Chambliss & Hodge, Chattanooga, Tenn., on brief, for appellants.

Paul Campbell, Campbell & Campbell, Chattanooga, Tenn., on brief, for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing an action for declaratory judgment. The facts are undisputed. Plaintiff-Appellant, City of Chattanooga, had a contract with defendant-appellee, Sullivan, Long & Hagerty, Inc., a construction firm, whereby such firm was to do some construction work for such city. The contract contained the following provision:

> "The contractor shall be held responsible for all accidents and shall indemnify and protect the city from all suits, claims and actions brought against it, and all costs for liability to which the city may be put for any injury or alleged injury to person or property of another resulting from the negligence or carelessness in the performance of the work, or in caring for the same, or from any improper or inferior workmanship or inferior materials used. * * *"

During the performance of the contract, an employee of the contractor, one Dowlen, was injured and was paid workmen's compensation therefor by the contractor. Thereafter, Dowlen brought an action against the city for damages, claiming his injuries were the result of the *city's negligence* in maintaining certain power lines.

Upon commencement of Dowlen's suit against it, the city demanded that the contractor and its general liability insurer, Royal Indemnity Company, undertake the defense of the suit. The contractor and its insurer refused to do so. Thereupon the city and its liability insurer, Michigan Mutual Insurance Company, brought this action to have it judicially declared that the contractor and

468

its said insurer, Royal Indemnity Company, were required, under the above quoted indemnity clause, to provide the defense to the suit against the city.

■ During the pendency of the case before us, Dowlen's suit against the city was tried and a judgment in favor of the city entered. It appears to be conceded that Dowlen's injuries resulted from negligence of one of his fellow workmen, employed by the defendant contracting firm. The District Judge held that the indemnity clause of the City-Contractor agreement did not contemplate that the contractor should pay damages awarded against the city for its own negligence or pay for the city's successful defense of a suit based, not on the contractor's negligence, but on the city's own negligence. We agree with the District Judge.

■ It is a familiar rule, and supported by the weight of authority, that an insurer is not obligated to undertake the defense of a suit against its insured unless the pleadings of such suit charge such insured with conduct, liability for which is covered by the indemnity provisions of the insurance contract. See note 50 A.L.R.2d 465. Such is the rule in Tennessee and elsewhere. First National Bank in Bristol v. South Carolina Insurance Company, 207 Tenn. 520, 341 S.W. 2d 569; South Knoxville Brick Company v. Empire State Surety Company, 126 Tenn. 402, 150 S.W. 92; American Indemnity Company v. Sears, Roebuck & Company, 195 F.2d 353 (C.A.6, 1952); Portaro v. American Guarantee & Liability Insurance Company, 310 F.2d 897, (C.A. 6, 1962). The foregoing rule is not directly dispositive of the question here, but a fair construction of the indemnity clause before us discloses no intention to obligate the contractor to indemnify the city for its costs or damages flowing from the city's own negligence. The conduct of the city as described in Dowlen's suit—negligent construction and maintenance of its power lines—if true, did not arise out of, or result from, any negligence of defendant contractor in performing its contract with the city. Had the city been charged with, or held

to respond in damages for, some passive negligence or concurrent negligence with contractor, or under the doctrine of respondeat superior, a different question would be presented. We agree with the District Judge, who said:

"The alleged negligence of the city, which brought on Dowlen's state case, was entirely isolated from the contract. It seems quite improbable that the contract was drawn with the intention to cover negligence of the city not arising from the performance of the contract."

The judgment of the District Court is affirmed.