**Curtis GRAVES, et al.,
Plaintiffs–Appellants,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 7, 1987.

Permission to Appeal Denied by
Supreme Court Feb. 1, 1988.

John Alley, Chattanooga, for plaintiffs-appellants.

Phillip A. Fleissner and Christopher H. Steger, Fleissner, Cooper & Marcus, Chattanooga, for defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiffs appeal from summary judgment entered by the trial court that defendant, under the terms of plaintiffs' homeowner's policy, was not required to defend plaintiffs in a third party's action for damages allegedly due to plaintiffs' assault and battery.

The trial judge, relying on *First National Bank v. South Carolina Ins. Co.*, 207 Tenn. 520, 341 S.W.2d 569 (1960), determined from the allegations in the third

party's action against insured that the insurer had no duty to defend that action.

The pertinent allegations of the third party's complaint are:

On or about June 16, 1984, as Herman Nance was trimming hedges owned and maintained by the Green Forest Community Club at the entranceway to the Green Forest subdivision, he was verbally attacked and cursed by Curtis Graves and wrongfully accused of having cut the hedges which Graves claims are on his property. After Nance denied that he had clipped Graves' hedges, and after a neighbor, Warren Logan, had admitted cutting Graves' hedges and had apologized to Graves for having cut Graves' hedges, Curtis Graves suddenly attacked and physically beat Herman Nance. After Graves stopped attacking Nance and Nance was preparing to leave the scene, defendant Margarete Graves appeared on the scene and also began verbally attacking and cursing Herman Nance. Curtis Graves then resumed his physical attack on Herman Nance, grabbing him around the upper body, pushing Nance against a stop sign, and covering Nance's nose and mouth with his hand, attempting to suffocate Nance. While Nance was in this defenseless position, defendant Margarete Graves began to beat Herman Nance on the head and back with her fists and with a needle. It is averred that this unprovoked assault and battery by the defendants upon Herman Nance resulted in personal injuries to Herman Nance, for which the defendants are liable at law.

While admitting *First National Bank* limits inquiry required of the insurer to the claim set forth in the pleadings, plaintiffs argue events subsequent to that decision require some modification of the rule, pointing to the change in policy language and the advent of notice pleadings.

The near universal rule is the obligation of an insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is determined from the allegations of the complaint in that action. Anno. 50 A.L.

R.2d, *Liability Insurer—Duty to Defend,* 458–512; A.L.R.2d Later Cases 49–52, at 183–212.

While a meager complaint could require broadening the scope of inquiry, the complaint by the third party in this case alleges sufficient facts to determine policy coverage.

 Plaintiffs insist, since the exclusion in the insured's policy [1] came into general usage after *First National Bank,* the scope of inquiry should be broadened beyond the pleading stage, and note the difficulty some courts have experienced in applying the exclusion. We believe the exclusion is applicable if bodily injury is "intended or expected" by the insured where the insured acts with the intent or expectation that bodily injury will result, even though the resulting injury is different either in character or severity from the injury that was intended. The allegations that the insured "suddenly attacked and physically beat" the third party clearly fall within the policy's exclusion.

Finally, plaintiffs assert that *Kelly v. Cherokee Ins. Co.,* 574 S.W.2d 735 (Tenn. 1978), requires the insurer to consider extrinsic facts in determining whether the duty to defend exists. *Kelly* is inapposite: it was a suit against the insurer to collect a judgment, entered by default, against the insured and the court simply held the insurer was not estopped to assert its policy defenses.

We affirm the judgment of the trial court and remand with cost of appeal assessed to appellants.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.

1. The policy provides:
 [Coverages] do not apply to bodily injury or property damage:

a. which is expected or intended by the insured; ...