**AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**Tracy Lane GRAY, Diane Mauldin, Mother and Natural Guardian of Jennifer Roberts, A Minor, and McLemore's Market, Inc., Defendants–Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 16, 1990.

Application for Permission to Appeal Denied by Supreme Court Dec. 31, 1990.

Joseph W. Barnwell, Jr., Memphis, for plaintiff-appellee.

Richard F. Vaughn, Memphis, for defendant-appellant, Tracy Lane Gray.

James T. Allison, Memphis, for defendant-appellant, Diane Mauldin.

CRAWFORD, Judge.

This is a declaratory judgment suit brought by the plaintiff, American National Property and Casualty Company, seeking a declaration that it is not obligated to furnish a defense nor to provide indemnity to its insured, defendant Tracy Lane Gray.

Gray was a passenger in a vehicle driven by Paul Battenfield when the vehicle struck a pedestrian, Jennifer Roberts, minor daughter and ward of the defendant, Diane Mauldin. Jennifer sustained serious and permanent injuries in the accident. Diane Mauldin, as mother and guardian for Jennifer, filed suits to recover damages for injuries sustained against Battenfield, his father (the owner of the vehicle), Tracy Lane Gray and McLemore's Market, Inc. In the suit against Gray, the complaint alleges that at the time Jennifer was struck

by Battenfield's vehicle, Gray was a passenger in the vehicle and that he and Battenfield were intoxicated. The complaint alleges that McLemore's Market sold beer to Battenfield and Gray, both minors, in violation of T.C.A. § 57–10–101 and § 57–10–102, and that Gray conspired with Battenfield to "go out on the night of the accident and drink until they were both intoxicated past the presumption of safe and sober driving." The complaint further avers that Gray had a equal duty of lookout in the operation of the vehicle, failed to perform that duty and was equally guilty with Battenfield of:

\* \* \* \* \* \*

1. Failure to keep a proper lookout ahead;

2. Failure to operate their motor vehicle in a reasonably prudent manner under circumstances then and there existing;

3. Failure to keep their vehicle under control;

4. Failure to operate their vehicle at a safe speed for the circumstances then and there existing;

5. Failure to devote full time and attention to the operation of the vehicle; and

6. Operating the vehicle in reckless disregard for the safety of others.

The complaint also avers violation of various statutes and city ordinances on the part of Battenfield and Gray.

Gray is an insured under a homeowners policy issued by the plaintiff and seeks coverage under the liability provisions thereof for the defense of a lawsuit and any indemnity necessary. Plaintiff insurance company filed the instant case for a declaration that it was not obligated to provide a defense nor indemnity to Gray pursuant to the terms and provisions of the insurance policy. The trial court granted summary judgment to plaintiff insurance company and held that there is no coverage under the policy. Gray, the insured, and Mauldin, plaintiff, in the tort case, have appealed and the only issue on appeal is whether the policy provides coverage to Gray.

The policy in question provides personal liability coverage to the insured subject to the following exclusion:

1. **Coverage E—Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury** or **property damage:**

e. arising out of the:

(1) ownership, maintenance, use, loading or unloading of **motor vehicles** or all other motorized land conveyances, including any trailers, owned or operated by or rented or loaned to any **insured;** or

(2) entrustment by the **insured** of a **motor vehicle** or any other motorized land conveyance to any person. (Emphasis in original).

Appellants assert that Gray was not using the vehicle within the meaning of the language of the policy exclusion and further that in order for the exclusion to be applicable to the insured, the vehicle involved must have either been owned or operated by the insured or rented or loaned to the insured.

Appellants first argue that the injuries to Jennifer did not arise out of the use of the vehicle in which Gray was riding. We find this argument untenable. Gray was riding as a passenger in the vehicle and obviously was making use of it. Jennifer was injured because she was struck by the vehicle. Clearly without the involvement of the vehicle Jennifer would not have sustained injuries to form the basis of the tort action against Gray. 18 Couch on Insurance 2d (Rev. ed.) Sec. 74:711 states in part:

A direct and proximate cause is the active and efficient cause that sets in motion a train of events which bring about a result without the intervention of any force, starting and working actively and efficiently from a new and independent source.

Clearly, "arising out of the use" is a much broader phrase than "caused by the use." Moreover, the complaint charges Gray with negligence along with Battenfield in the operation of the vehicle, both under the common law and in violation of statutes and ordinances dealing with vehicle operation. The general rule in this

state is that an insuror's duty to defend an action brought against an insured is to be determined by the allegations made in the complaint. *First Nat. Bank in Bristol v. South Carolina Ins. Co. of Columbia, S.C.,* 207 Tenn. 520, 341 S.W.2d 569 (1960); *Graves v. Liberty Mut. Fire Ins. Co.,* 745 S.W.2d 282 (Tenn.App.1987).

Appellants next argue that in order for the exclusion to apply the insured must either be the owner or operator of the vehicle involved or have it rented or loaned to him. Counsel state in their briefs that there are no Tennessee cases directly on point which involve a policy exclusion with the precise language of the language in the instant case. Our research has likewise failed to reveal such a case. Appellants cite and rely upon cases from other jurisdictions which support their position that two factors must be present for the exclusion to apply. First, the accident must have arisen out of the ownership, maintenance, use or loading or unloading of a motor vehicle and second, the motor vehicle must have been owned, operated by, rented or loaned to the insured. *See West Bend Mut. Ins. Co. v. Milwaukee Mut. Ins. Co.,* 384 N.W.2d 877 (Minn.1986); *State Farm Mut. Auto. Ins. Co. v. White,* 60 Or.App. 666, 655 P.2d 599 (1982); *Aetna Cas. & Sur. Co. v. Drake,* 343 Pa.Super 114, 494 A.2d 381 (1985); *National American Ins. Co. v. Insurance Co. of North America,* 74 Cal.App.3d 565, 140 Cal.Rptr. 828 (1977). We have reviewed the cases. They provide little guidance since it appears from the opinions that the exclusionary clauses do not contain the precise language of the clause before the Court.

■ In construing contracts, the words expressing the parties' intention should be given the usual, natural and ordinary meaning. *Ballard v. North American Life & Cas. Co.,* 667 S.W.2d 79 (Tenn. App.1983). Where there is no ambiguity, it is the duty of the court to apply to the words used their ordinary meaning and neither party is to be favored in their construction. 667 S.W.2d at 83. In *Ballard,* the Court, quoting from *Guardian Life Ins. Co. of America v. Richardson,* 23 Tenn.App. 194, 129 S.W.2d 1107 (1939), said:

"Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense. The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence (intention) as expressed, or to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties and embodying requirements, ...."

667 S.W.2d at 82.

In the case at bar, the exclusionary clause states:

arising out of the: (1) ownership, maintenance, use, loading or unloading of **motor vehicles** or all other motorized land conveyances, including any trailers, owned or operated by or rented or loaned to any **insured**; ... (Emphasis in original).

■ Plaintiff insurance company argues that the clause "owned or operated by, rented or loaned to any insured" is a modifying phrase pertaining to the subject, "all other motorized land conveyances, including any trailers," and does not pertain to "motor vehicles." The trial court apparently accepted this argument in holding that the exclusionary clause applied and there was no coverage for defendant Gray. We do not agree with this interpretation. The exclusionary clause deals with the insured's involvement with three things: motor vehicles, motorized land conveyances and trailers. We can think of no satisfactory explanation why the exclusion in order to be applicable should require that a trailer or "other land conveyances" must be owned or operated by an insured or rented or loaned to him and not make the same requirement as to a motor vehicle.

■ We believe the object and intent of the contract in question is to provide cover-

age to the insured for personal liability and medical payments in all instances where the property involved is not owned or operated by or loaned or rented to the insured, because in those instances the insured probably has or should have other applicable insurance.

In *Dixon v. Gunter*, 636 S.W.2d 437 (Tenn.App.1982), this Court said:

> A contract of insurance should be given a fair and reasonable construction; and likewise should be given a sensible construction, consonant with the apparent object and plain intention of the parties; a construction such as would be given the contract by an ordinary intelligent businessman; and a practical and reasonable rather than a literal construction. The contract should not be given a forced, unnatural or unreasonable construction which would extend or restrict the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion or render the policy nonsensical and ineffective.

636 S.W.2d at 441.

Reading the policy as a whole, we interpret the exclusionary clause to operate to exclude coverage for an insured *only* if the personal injury or property damage arises out of the ownership, maintenance, use, loading or unloading of a motor vehicle, or other motorized land conveyance which is *owned* or *operated* by the insured or which is *rented* or *loaned* to the insured.

Accordingly, Gray is entitled to a defense of the lawsuit and indemnity as provided under the policy in question, and judgment shall be entered accordingly.

The judgment of the trial court is reversed and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against appellee.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.