## I. APPEL CORPORATION and Scotts Hill Leisurewear, Inc., Plaintiffs/Appellants,

### v.

## ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC., Defendant/Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

February 21, 1996.

Application for Permission to Appeal Denied by Supreme Court July 1, 1996.

---

Sam L. Crain, Jr., Burch, Porter & Johnson, Memphis, for Plaintiffs/Appellants.

William B. Jakes, III, Howell & Fisher, Nashville, for Defendant/Appellee.

HIGHERS, Judge.

This appeal arises from the trial court's grant of summary judgment in favor of the defendant insurance company, holding that defendant had no duty to defend its insured. For the reasons stated below, we affirm the trial court's judgment.

In January 1993, I. Appel entered into an insurance contract with St. Paul insurance company. St. Paul issued to I. Appel a general commercial liability policy and an excess liability protection policy.

On February 26, 1993, an incident occurred at I. Appel between Mike Landreth and Brenda Kelley. Kelley alleged that she was injured when Landreth "grabbed Plaintiff by her left arm and forcibly pulled Plaintiff around, causing physical injury to Plaintiff." Kelley filed a complaint against both Landreth and I. Appel. Kelley alleged several causes of action against Landreth, including assault and battery, sexual harassment, and discrimination. In her original complaint, Kelley alleged that I. Appel was liable to her for retaliatory discharge. She later amended her complaint to allege against I. Appel the claim of intentional infliction of emotional distress.

I. Appel's answer denied all of the allegations and further asserted that neither Kelley nor Landreth was an employee of I. Appel. Kelley filed a Notice of Voluntary Dismissal and the trial court dismissed the action without prejudice on May 11, 1994.

St. Paul originally defended I. Appel in the case under reservation of rights. On December 8, 1993, however, St. Paul withdrew from I. Appel's defense. I. Appel filed a complaint for declaratory judgment, seeking a determination that it was entitled to a defense under the insurance policy. St. Paul moved for summary judgment, arguing that it was not obligated to defend I. Appel because the policy excludes coverage for intentional bodily injuries and the policy excludes coverage to employees for personal injury to any fellow employee.

· The trial court granted St. Paul's motion for summary judgment.

The pertinent provisions of the subject policy are as follows:

### What This Agreement Covers

**Bodily Injury and property damage liability.** We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury, property damage or premises damage that:

● happens while this agreement is in effect; and

● is caused by an event.

... *Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons. It includes any of the following that results at any time from such physical harm, sickness or disease;

● Mental anguish, injury or illness.

● Emotional distress.

● Care, loss of services, or death.

... *Event* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Who is Protected Under This Agreement Corporation or other organization.** If you are named in the Introduction as a corporation or other organization, you are a protected person. Your executive officers and directors are protected persons only for the duties as your officers or directors.

**Employees.** Your employees are protected persons only for work done within the scope of their employment by you. However, no employee is a protected person for bodily injury or personal injury to:

● you;

● any fellow employee; ..

\* \* \* \* \* \*

### Exclusions—What This Agreement Won't Cover

**Intentional bodily injury or property damage.** We won't cover bodily injury or property damage that's expected or intended by the protected person ...

**Right and duty to defend.** We'll have the right and duty to defend any claim or suit for covered injury or damage made or brought against any protected person. We'll do so even if any of the allegations of any such claim or suit are groundless, false or fraudulent. But we have no duty to perform other acts or services ...

I. Appel argues that St. Paul possessed a duty to provide a defense in the underlying suit for three reasons. First, I. Appel contends, the provision excluding coverage for intentional acts is inapplicable to the present case because the policy only excludes coverage for acts committed or intended by the insured, or the "protected person." According to I. Appel, the complaint alleges that Landreth committed the intentional acts. I. Appel argues that because it was the "protected person" and the intentional acts alleged were not alleged against I. Appel, St. Paul may not properly deny coverage under the exclusion for intentional acts. I. Appel further argues that St. Paul was not relieved of its duty to defend because the alleged intentional acts of Landreth may not be imputed to his employer, I. Appel. Moreover, I. Appel contends that St. Paul may not rely on the exclusion governing injuries to fellow employees because neither Kelley nor Landreth were employees of I. Appel. Finally, I. Appel asserts that St. Paul possessed a duty to defend as a matter of law because the allegations in the complaint are ambiguous and, therefore, any doubt should be interpreted in favor of I. Appel.

We find these contentions to be without merit.

We begin our analysis with the general rule that an insurer's duty to defend a suit against its insured is determined according to the factual allegations of the complaint. *First National Bank in Bristol v. South Carolina Insurance Co.*, 207 Tenn. 520, 341 S.W.2d 569 (1960); *Graves v. Liberty Mutual Fire Insurance Co.*, 745 S.W.2d 282 (Tenn.App.1987). Although an insurer's duty to defend is broader in scope than the insurer's duty to pay, *Jackson Housing Authority v. Auto Owners Insurance Co.*, 686 S.W.2d 917 (Tenn.App.1984), language contained in insurance contracts should be given its usual, natural, and ordinary meaning. *American National Property and Casualty Co. v. Gray*, 803 S.W.2d 693 (Tenn.App.1990).

An insurance contract should be afforded a sensible construction that is consonant with the object and plain intention of the parties. *Dixon v. Gunter*, 636 S.W.2d 437 (Tenn.App. 1982).

In the present case, the complaint alleged that Kelley was an employee of I. Appel and suffered an injury that occurred in the course of her employment. The original complaint alleged a cause of action against I. Appel for retaliatory discharge in response to her filing a workers' compensation claim. Kelley later amended her complaint to allege intentional infliction of emotional distress against I. Appel. Claims for both retaliatory discharge and for intentional infliction of emotional distress are, by their nature, intentional causes of action. Moreover, Kelley's allegations against I. Appel were based on the allegedly tortious actions of I. Appel, rather than upon the actions of Landreth.

The language of the insurance policy excludes coverage for "bodily injury or property damage that's expected or intended by the protected person." By affording the exclusionary language its usual, natural, and ordinary meaning, we believe that such language evinces a clear intent to exclude coverage to I. Appel for allegedly intentional acts.

Similarly, we find no merit in I. Appel's contention that the allegations in the complaint are ambiguous and incomplete and that, therefore, the ambiguity should be resolved in favor of I. Appel. Although it is true that a meager or ambiguous complaint might require broadening the scope of the inquiry, the complaint in the present case displays no such ambiguity or deficiency.

St. Paul had no obligation to go beyond the pleadings to determine its liability to defend the suit. Accordingly, we affirm the trial court's holding that there was no obligation on the part of St. Paul to defend I. Appel in the action. Costs on appeal are taxed to appellant.

CRAWFORD, P.J. (W.S.), and FARMER, J., concur.