## MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N

v.

## BRANDHORST.

No. 12694.

Court of Civil Appeals of Texas.

San Antonio.

April 14, 1954.

Rehearing Denied May 12, 1954.

Lewright, Dyer, Sorrell & Redford, J. M. Burnett, Corpus Christi, for appellant.

Lloyd & Lloyd, Alice, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Nellie J. Brandhorst against Mutual Benefit Health and Accident Association, seeking a construction of "Part C" of a policy of life insurance issued by the defendant. The trial construed the policy so as to allow appellee additional benefits under Part C, in the sum of $2,500, and the insurance company has brought this appeal.

The cause was submitted upon an agreed statement of facts, reading as follows:

"The plaintiff and the defendant in the above cause stipulate that the following statements are true and correct:

"I.

"The plaintiff, Nellie J. Brandhorst, is a feme sole, residing in Jim Wells County, Texas, and is the surviving widow of William Albert Brandhorst, deceased. The said plaintiff is the person designated as beneficiary in the insurance policy described below.

"II.

"The defendant, Mutual Benefit Health and Accident Association is an insurance company doing business in the State of Texas, and issued its policy of insurance, a true and correct copy of which is attached to Plaintiff's Petition as Exhibit A, and which copy may be used in this cause in lieu of the original. This policy of insurance was in full force and effect at all times pertinent to this cause.

"III.

"On November 27, 1952, the insured, William Albert Brandhorst, received bodily injuries through purely accidental means, and such injuries independently and exclusively of disease and all other causes, resulted directly in the death of the said insured on January 3, 1953. Proper and timely notice of this injury and death of the insured and proof of loss was given to the defendant, and demand for payment made. The plaintiff claims that Five Thousand and no/100 ($5,000.00) Dollars benefits are due to her under said policy. The defendant claims that their liability is limited to Two Thou-

sand Five Hundred and no/100 ($2,-500.00) Dollars, and there is no dispute between the parties as to the liability for the Two Thousand Five Hundred and no/100 ($2,500.00) Dollars provided for loss of life under Part A of the said insurance policy. There is a dispute between the parties as to whether an additional Two Thousand Five Hundred and no/100 ($2,500.00) is due under Part C of the said policy.

"IV.

"The premiums for such policy were paid in accordance with Section (d) under 'Additional Provisions' in said insurance policy. The premiums were paid by payment in advance of Twenty and no/100 ($20.00) Dollars as first payment; and by the payment in advance and acceptance by the defendant of premiums of Fifteen and no/100 ($15.00) Dollars quarter annually, beginning on June 1, 1937, and continuing beyond the time of death of the insured. The premiums for any year were never paid in one lump sum payment."

This suit was brought under the Uniform Declaratory Judgments Act, Title 46A, Art. 2524–1, Vernon's Ann.Civ.Stats., and calls for a construction of the insurance policy found in the transcript. Specifically, the question here is, Did the payments of the permiums in quarterly installments before they were past due meet the requirements of the provisions of Part C of the policy, and therefore entitle the beneficiary to the extra benefits provided?

We have concluded that such quarterly payments did not entitle the beneficiary to the extra benefits provided by Part C.

Part C contains the provision that before the beneficiary will receive the annual increase, each year's renewal premium must be *paid in advance*. There is no ambiguity in this language, and it simply means that the entire annual premium must be paid in advance, before the increased benefits will accrue. This plain provision is not met by paying quarterly premiums.

A very full discussion of this identical question is presented by Circuit Judge Thomas, speaking for the United States Court of Appeals, Eighth Circuit, in Mutual Benefit Health & Accident Ass'n v. Hobbs, 186 F.2d 321. We feel that little, if anything, can be added to what is there said. We agree fully with this opinion and see no reason why it should not be followed in this State.

Accordingly, the judgment of the trial court is reversed and judgment here rendered that appellee is not entitled to recover the extra benefits provided for in Part C of the insurance policy.

Reversed and rendered.