Don Alvis, Administrator of the Estate of
Lena E. Gammon Alvis,

*v.*

Mutual Benefit Health & Accident Association

(*Knoxville*, September Term, 1956.)

Opinion filed December 7, 1956.

JOHN A. THOMPSON, Rogersville, for plaintiff in error.

SIMMONS, BOWMAN & HERNDON, Johnson City, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal by the plaintiff in the Circuit Court from a judgment for the defendant in an action at law to recover accidental death benefits under a policy of accident and health insurance.

The facts were stipulated. Under this stipulation it was agreed that the policy sued on was issued and had been effective since August 10, 1942 up until the death of the insured who died by reason of an accident on December 23, 1955. Twelve hundred and fifty dollars was tendered into court by the insurance company. This suit is for the same amount as we will hereinafter develop. It is further stipulated that the deceased paid the first premium of $12.50 on August 10, 1942 and that thereafter she paid in advance on the first day of the

months of December, March, June and September the sum of $7.50 until her death. It was also stipulated that the application for the policy provided for payments of this premium on or before the first days of those months, and that the said quarterly premiums were paid by the insured in advance and that said policy was in full force and effect at the time of her death.

The plaintiff administrator claims that under the terms of the policy that the insurance company owes him $1,250 by reason of the fact of a provision in the policy which agreed to pay to the beneficiary $125 a year for each year the policy is kept in force up to ten years if the renewal premium is paid in advance on this policy according to the terms of the policy as hereinafter to be quoted.

On the very face and top and caption of the policy in large bold type are the words as follows:

"Ten Year Annual Increasing Policy

"This Policy Provides Benefits for Loss of Life, Limb, Sight or Time, by Accidental Means, or Loss of Time by Sickness as Herein Limited and Provided."

Then appears the name of the insurance company and certain monthly benefits set out, maximum monthly benefits, regular accidental death benefit, etc., and the name of the insured and date of the policy and then this clause:

"The copy of the application attached hereto is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Twelve & 50/100, ($12.50) Dollars as first payment. The payment in advance, and acceptance by the Asso-

ciation, of premiums of Seven & 50/100, ($7.50) Dollars Quarterly thereafter, beginning with Dec. 1, 1942, is required to keep this policy in effect.''

Then comes Part A providing for accident indemnities for various members, etc. In this clause for the loss of life, $1,250. Then the next clause, Part B, is double specific losses, wherein the insured if he loses life while ''riding as a fare-paying passenger, within the enclosed part of any railway or street railway passenger car or bus'', it is provided for certain different members of the loss as well as loss of life. By agreement this clause has nothing to do with the present lawsuit. Then next comes,

''Part C. Death Benefit Annual Increase One Hundred Twenty-Five Dollars Per Year.

''After the first year's premium has been paid, each year's renewal premium paid in advance on this policy shall add One Hundred Twenty-Five Dollars to the Regular Death Benefit until the same amounts to

Two Thousand Five Hundred ($2,500.00) Dollars.''

This last quoted clause is the one in controversy. This lawsuit depends upon the interpretation of Part C of the policy, supra.

The insurance company contends that Part C of the policy, supra, means that for the insured to be entitled to the $125 annual increase in the accidental death benefit that the plain language of the policy means that the premiums must have been paid in advance on an annual basis, whereas the plaintiff, administrator, contends that the condition is satisfied by the payment of the premiums quarterly in advance.

■ It seems to us in view of our obligation to liberally construe this policy in favor of the insured that a careful reading of the policy would entitle the plaintiff, administrator, to recover, because the question of the annual premium to be paid in advance is not made sufficiently clear and specific to a layman or to the insured. The way the policy is written it would clearly lead a layman and the insured to believe that in so long as these premiums were paid annually or quarterly in advance before due that then at the end of that year an additional $125 would be added to the face or value of the policy up to $1250 in ten years as provided in the policy. The annual premium was not required to be paid in full in advance at one time, but as stated in the policy and quoted above, it might be paid in advance by quarterly installments.

Thus it seems to us that a fair interpretation of this policy shows that the insured here was granted the benefit of the increase whether the premiums were paid in full in cash at the beginning of the year or paid in advance by quarterly installments.

This identical situation and policy provision was before the United States District Court of New York in the case of *Thomas v. Mutual Benefit Health & Accident Association,* as is reported in 123 F.Supp. 167, 170. The District Judge there in commenting on the contention of the insurance company which was exactly as it is in the instant case, said:

"What impression would the phrase 'each year's renewal premium paid in advance' make on the average layman who has bought a policy providing for quarterly payment of premiums? There is no provi-

sion in the policy, as it was written, to permit the payment of the premiums other than quarterly. Would not the phrase mean to the average layman that the renewal premiums to be paid in advance were the renewal premiums as provided in the policy, and that when four quarterly installments had been paid in advance of their respective due dates, then a year's renewal premium had been paid in advance? If this is a possible construction of the provision—even though not the only construction—it must be accepted since the ambiguity will be construed against the insurance company."

That court then reasoned that under the construction that the insurance company sought to put on the policy that Part C, which corresponds absolutely with Part C, hereinabove copied, became completely ineffective and void when the policy provided for quarterly payments and as to this the court said:

"If this is so, why leave the provision in the policy? Would not fair dealing have indicated that when the policy provided for quarterly payment of premiums, the provision for annual increases should have been stricken from the policy? This was not done."

This opinion, *Thomas v. Mutual Benefit Health & Accident Ass'n, supra,* 1955, was affirmed by the Circuit Court of Appeals, Second Circuit, as is found in 220 F.2d 17.

The insurance company in the instant case as it did in the Thomas case, supra, relied, as absolutely controlling, on an opinion of the Eighth Circuit Court of Appeals in the case of *Mutual Benefit Health & Accident Association v. Hobbs,* 1951, 186 F.2d 321, and on the unreported

case of *Sullivan v. Mutual Benefit Health & Accident Association,* decided in 1950 by the United States District Court of Minnesota but not officially reported. The Court of Civil Appeals of Texas also decided a case where the identical question was involved contrary to the conclusion that we are now reaching and contrary to the conclusion reached by the United States Court in the Thomas case, in the case of *Mutual Benefit Health & Accident Association v. Brandhorst,* Tex.Civ.App.1954, 267 S.W.2d 563. In those cases the courts construed the language in the way urged by the insurance company. The Hobbs case was a reversal of the District Court which had found in favor of the insured and against the insurance company. It is reported in 90 F.Supp. 311. In the Hobbs case the District Court held that there was no ambiguity in the policy and that if there were the interpretation would be to adopt that which was most favorable to the insured. The Court of Appeals held that there was no ambiguity and that the phrase meant each year's renewal premium was to be paid in advance.

The District Court in *Thomas v. Mutual Benefit Health & Accident Ass'n, supra,* having these cases before it where the precise language was involved as is involved here, held that:

"If Judges learned in the law can reach so diametrically conflicting conclusions as to what the language of the policy means, it is hard to see how it can be held as a matter of law that the language was so unambiguous that a layman would be bound by it.

"Certainly, a layman looking at the face of the insurance policy involved in this action could understand that the policy was to have annual increased benefits

of $250 per year, if the terms of the policy were complied with, and the terms of the policy provided for no more than the payment of quarterly installments of premiums in advance.''

█ In construing these insurance contracts we must always keep a cardinal principle of insurance law in mind.

''This principle is that a policy or contract of insurance is to be considered liberally in favor of the insured, and strictly as against the company. As stated more fully, the rule is, that where by reason of ambiguity in the language employed in a contract of insurance, if there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the company, the former will be adopted.'' *Kentucky Home Mutual Life Ins. Co. v. Rogers,* 196 Tenn. 641, 653, 270 S.W.2d 188, 193.

█ Keeping this provision in mind we are satisfied beyond a peradventure of a doubt that the plaintiff administrator is entitled to the increased benefits as claimed and that a judgment may be rendered here for that amount including all the costs of the cause.