BARBARA M. AILLS AND LOVELL R. AILLS v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 8714SC653

(Filed 2 February 1988)

Insurance § 110— automobile liability insurance—underinsured motorists clause—
amount of recovery

Pursuant to the underinsured motorists coverage of plaintiffs' insurance policy with defendant, each plaintiff was entitled to recover from defendant $50,000, representing the difference between the sum already received pursuant to the tortfeasor's exhausted liability policy and the $100,000 "each person" limit provided for in the policy with defendant; furthermore, the policy's "each accident" provision meant that $100,000 was the outer aggregate limit of defendant's exposure per accident. Plaintiffs' recovery should not be reduced by the $5,000 each received in medical payments or by the amount of a sum collected by one plaintiff in disability benefits from another insurance company.

APPEAL by defendant from *Brannon, Anthony M., Judge.* Judgments entered 27 April 1987 in DURHAM County Superior Court. Heard in the Court of Appeals 10 December 1987.

Plaintiffs brought separate actions against defendant for sums allegedly owing under the underinsured motorists coverage provisions of an insurance policy. On 27 April 1987 the trial court, finding no genuine issue of material fact, entered summary judgment in favor of each plaintiff. Defendant appealed. Since the cases contained identical questions of law and matters of fact, the

trial court ordered them consolidated for the purpose of further proceedings.

*King, Walker, Lambe & Crabtree, by Guy W. Crabtree, for plaintiff-appellees.*

*Bryant, Patterson, Covington & Idol, P.A., by Lee A. Patterson, II, for defendant-appellant.*

WELLS, Judge.

Summary judgment is appropriately entered where the materials before the trial court "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

The underlying question is what was the scope of the under-insured motorists coverage of plaintiff Mr. Aills' insurance policy with defendant. The facts are not in dispute. On 21 July 1983 Mr. and Mrs. Lovell R. Aills, plaintiffs herein, were severely injured in an automobile accident. The other driver was at fault. A court, sitting without a jury, awarded Mr. Aills $399,091.43 and his wife $274,561.16 in damages. The tortfeasor's insurer paid $50,000.00 to Mr. Aills and the same amount to his wife. Mr. Aills' automobile was insured by defendant at the time of the collision. His policy included underinsured motorists coverage with limits of $100,000.00 per person and $100,000.00 per accident. Because their damages were far in excess of the amounts paid out by the tort-feasor's insurer, each plaintiff made demand upon defendant for payment under the underinsurance coverage of the policy. The defendant denied liability.

N.C. Gen. Stat. § 20-279.21(b)(4) defines an underinsured motor vehicle as "a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the owner's policy." Plaintiffs contend that the tortfeasor was, with respect to them, an underinsured motorist, because the limits of his liability — $50,000.00 per person and $100,000.00 per accident — were less than the limits of the underinsurance coverage — $100,000.00 per person and $100,000.00

per accident. But defendant contends that, as a result of payments to plaintiffs by the tortfeasor's insurer — $50,000.00 to each claimant, $100,000.00 total — the per accident exposure of $100,000.00 of the underinsurance portion of the policy was met and no further payment was due.

Underinsured motorists coverage is not required by law (since the insured may reject the coverage), and therefore the terms of the coverage are within the control of the parties. *See* G.S. §§ 20-279.21(b)(4) and (g). It follows that we look to the insurance contract itself to determine the rights of the parties. The limits of defendant's underinsurance liability (set forth as a subset of the *uninsurance* liability) are spelled out on page 12 of the owner's policy, to wit:

> The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.

These provisions are susceptible to differing constructions. Our Supreme Court has held that when language is used in an insurance policy which is reasonably susceptible to differing constructions, the policy must be given the construction most favorable to the insured, since the insurance company prepared the policy and chose the language. *See Grant v. Insurance Co.,* 295 N.C. 39, 243 S.E. 2d 894 (1978); *Stanback v. Westchester Fire Ins. Co.,* 68 N.C. App. 107, 314 S.E. 2d 775 (1984).

The key words in the above excerpt are "subject to." Plaintiffs contend that these words subordinate, or subserviate, the "each accident" liability limit of the policy to the "each person" limit. We agree. The "each person" coverage applies first and is to be looked to first. Hence, each plaintiff was entitled to recover from defendant $50,000.00, representing the difference between the sum already received pursuant to the tortfeasor's exhausted liability policy and the $100,000.00 "each person" limit provided for in the policy with defendant. We construe the policy's "each

accident" provision to mean that $100,000.00 is the outer aggregate limit of defendant's exposure per accident (should there be multiple claims). Thus, had there been four covered claimants instead of two, each having received $50,000.00 from the tortfeasor's insurer, then, under the terms of Mr. Aills' policy, each of the four claimants would receive $25,000.00, representing his pro rata share of the outer limit coverage.

Defendant further contends that plaintiffs' recovery should be reduced by the $5,000.00 each has received in medical payments. We disagree. To be sure, the policy provides that underinsurance coverage "shall be reduced by all sums paid because of the bodily injury. . . ." However, the policy goes on specifically to authorize reduction for "all sums paid out under part B." No express mention is made of part C, which is the portion of the policy dealing with medical payments. Applying the rule of construction in *Grant v. Insurance Co., supra,* we construe these apparently conflicting provisions favorably to the plaintiffs insureds and hold that defendant is not entitled to credit for medical payments. We further hold that defendant is not entitled to a credit in the amount of $397.14, representing the sum collected by plaintiff Lovell Aills in disability benefits on 3 April 1987 from Travelers Insurance Company. The policy with defendant provides for reductions for all sums "paid . . . because of the bodily injury under any . . . disability benefits law." There is no showing that the sum received by Mr. Aills was in payment under any disability benefits *law.*

The orders of summary judgment entered by the trial court did not establish the date from which computation of interest runs. When recovery is had for breach of contract the amount awarded on the contract bears interest from the date of the breach. N.C. Gen. Stat. § 24-5 (1986). In the present case the breach occurred when defendant denied plaintiffs' demand for payment. The record does not identify this date. Therefore, we remand to the trial court for the limited purpose of ascertaining the breach date and for appropriate amendment of the judgments to show the date from which interest shall accrue.

Affirmed. and remanded for amendment of judgments.

Judges PHILLIPS and PARKER concur.