**Stephen D. ELSNER, a minor, by his parents and natural guardians, Stephen Elsner and Janis Elsner, and Stephen Elsner and Janis Elsner, individually, Plaintiffs/Appellees,**

v.

**Wayne H. WALKER, Defendant.**

**Grange Mutual Casualty Company, (Unnamed Defendant/Appellant).**

**Shelter Insurance Company, (Unnamed Defendant).**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 4, 1994.

Permission to Appeal Denied by Supreme Court June 13, 1994.

Daniel B. Eisenstein, Irwin J. Kuhn, Eisenstein, Moses, and Mossman, Nashville, for plaintiffs/appellees.

Paul L. Sprader, Kenneth A. Weber, Manier, Herod, Hollobaugh & Smith, Nashville, for defendant/appellant.

### OPINION

LEWIS, Judge.

We granted this Tennessee Rule of Appellate Procedure 9 appeal to review the trial court's denial of Grange Mutual Casualty Company's Motion for Summary Judgment on the ground that its uninsured/underinsured motorist policy liability should be reduced by amounts paid by plaintiff's medical insurance carrier.

Plaintiff Stephen D. (Dylan) Elsner was severely injured in an automobile accident

while riding as a passenger in a car driven by Elizabeth Scherer. The accident occurred when an automobile driven by Wayne H. Walker crossed the center line of the highway, and crashed head on into the automobile driven by Ms. Scherer as it was proceeding in its proper lane of travel.

As a result of the accident the defendant, Wayne Walker, was convicted of aggravated assault and driving under the influence of alcohol and sentenced to incarceration in the Metro Detention Center. Plaintiff Dylan Elsner, as a result of the injuries he received, was hospitalized from 15 May 1992 until 31 July 1992. His injuries included massive head injuries. He was first treated at Vanderbilt University Medical Center in Nashville and then transferred to the Siskin Hospital for Physical Rehabilitation in Chattanooga, Tennessee. He is still receiving ongoing rehabilitation and treatment for his injuries.

Plaintiff Dylan Elsner's medical bills to date exceed $200,000.00 and he continues and will continue to incur medical expenses so long as he requires treatment and rehabilitation services for the injuries he received.

A portion of the medical bills incurred by Dylan Elsner have been paid by his parents' medical insurance policy which was in effect as a result of plaintiff Janis Elsner's employment. Plaintiffs Janis and Stephen Elsner had automobile insurance coverage through a policy issued by Grange Mutual Casualty Company (Grange). The Grange policy included a provision for payment of the cost of treatment for bodily injuries caused by an uninsured or underinsured motorist. The limits of the liability for the uninsured/underinsured motorist was $100,000.00. The plaintiffs have not received any payment pursuant to the Grange policy as a result of the automobile collision.

Grange relies on the following section of the insurance policy for its contention that it is entitled to credit for the $50,000.00 paid by the plaintiffs' hospitalization insurance policy for medical bills incurred by Dylan.

## LIMIT OF LIABILITY

A. The limit of Bodily Injury Liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one insured in any one auto accident. Subject to this limit for "each person", the limit of Bodily Injury Liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. The limit of Property Damage Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of:

1. Insureds;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. The limit of liability shall be reduced by all sums:

1. Paid because of bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of the policy; and

2. Paid or payable because of the bodily injury under any of the following or similar law:

   a. workers' compensation law; or

   b. disability benefits law.

C. No payment will be made for loss paid or payable to the Insured under Part D of this policy.

D. Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

Appellant Grange presents the following issue: "Whether Grange Mutual Casualty Company's underinsured motorist policy permits a setoff for medical insurance coverage provided to the Plaintiffs by their medical insurance carrier for Stephen D. Elsner's bodily injury."

Grange insists on the basis of the "limit of liability" section of the uninsured/underinsured policy that money paid by the plaintiff's medical insurance carrier for bills incurred in the treatment of Dylan should offset its liability for any payment to the plaintiffs.

As is pointed out by the plaintiff, Grange "focuses mostly on the issue of whether an insurance company may under Tennessee law include a provision limiting its U.M. liability by amounts paid by the insured's medical insurance carrier."

We have read and reread the Grange policy, and nowhere is there an explicit, plain statement that Grange's liability will be reduced by sums paid by an insured's medical insurance carrier. We are of the opinion that had Grange intended that they be entitled to a reduction for payments of an insured's medical insurance, it could have included such a provision in the same way it included a provision for an offset for payment under the worker's compensation insurance. From a review of the cases, the language used by Grange in its policy is not uncommon. However, notwithstanding that it is not uncommon, we have found no case giving the quoted language the meaning that Grange wishes this court to attribute to it. Grange cites *Farmers Alliance Mutual Ins. Co. v. Miller*, 869 F.2d 509 (9th Cir.1989) in which the court held that under Montana law, the underinsured motorist carrier, on the basis of policy language, could reduce its liability by amounts paid to the insured on behalf of the person responsible for causing the accident. There is nothing in *Farmers Alliance* that remotely states that the liability could be reduced by amounts the plaintiff received from payments under the plaintiff's own medical insurance policy.

The courts interpreting the language set out above have given it its natural and logical meaning. They have found that the liability may be reduced by all sums paid because of bodily injury or property damage by or on behalf of persons or organizations legally responsible for the injury or damage.

In *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 352–53, 766 P.2d 1227, 1233–34 (1988) the court rejected the insurance company's argument that on the basis of the policy language it should be allowed to reduce its liability by the value of a college scholarship received by the insured as a result of the injuries received in an automobile accident caused by an uninsured motorist.

In *Aills v. Nationwide Mutual Ins. Co.*, 88 N.C.App. 595, 363 S.E.2d 880 (1988) an argument similar to the one presented by Grange was considered. The court summarily dismissed the insurance company's argument that the plaintiff's underinsured motorist coverage should be reduced by medical payments made under another provision of the automobile policy and disability payments made through a separate disability policy provided by Traveler's Insurance Company. The court found that without an explicit exception in the policy, no such payment reduction would be allowed. *See id.*, 363 S.E.2d at 882. The court also held that any conflicting provisions in the policy must be construed in favor of the plaintiffs. *Id.*

There is no clear or explicit setoff of medical insurance payments contained in the Grange policy. Therefore, Grange's only argument can be that the policy language is unclear and should be inclusive enough to include limitations on medical payments even though this limitation is not specifically stated in the policy. This argument is without merit. Tennessee courts have on numerous occasions, held that any ambiguity in contracts, including insurance contracts, must be construed in favor of the insured.

In construing ... insurance contracts we must always keep a cardinal principle of insurance law in mind.

This principle is that a policy or contract of insurance is to be considered liberally

in favor of the insured, and strictly against the company. As stated more fully the rules is, that where by reason of ambiguity in the language employed in a contract of insurance, if there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the company, the former will be adopted.

*Alvis v. Mutual Benefit Health & Acc. Ass'n,* 201 Tenn. 198, 297 S.W.2d 643, 646. (citation omitted). *See also Palmer v. State Farm Mut. Auto Ins. Co.,* 614 S.W.2d 788, 789 (Tenn.1981) and *Travelers Ins. Co. v. Aetna Cas. and Sur. Co.,* 491 S.W.2d 363, 365 (Tenn.1973).

In *Allstate Insurance Co. v. Watts,* 811 S.W.2d 883 (Tenn.1981) the court stated: "It is well settled that exceptions, exclusions of limitations in insurance policies must be construed against the insurance company and in favor of the insured." *Id.* at 886. (citing *Travelers Ins. Co. v. Aetna Cas. & Sur. Co.,* 491 S.W.2d 363, 367 (Tenn.1973)). The court stated in *Travelers v. Aetna:* "A provision in a policy limiting or reducing coverage is to be construed strongly against the insurer." *Travelers,* 491 S.W.2d at 367 (citations omitted).

Grange argues that "in light of Tennessee's long established views regarding the scope of UM coverage" and that "given the weight of Tennessee law ... the setoff provision at issue ... should [not] be viewed as a surprise to plaintiff."

For us to jump on and ride with this argument, would require this court to ignore or overturn a hundred years of precedent. The courts have long ruled that insurance contracts should be construed strictly against the drafting insured's company and liberally in favor of the insured. The courts did not, in adopting this rule, intend that an insured should have to consult a long line of cases or consult law review articles or treatises to determine the meaning of policy language. The courts of this state expect policy

language to be given its plain meaning, and if that language is ambiguous, it is to be construed in favor of the insured. The policy language in the instant case, given the exact meaning that has been given by every court in every case cited by either appellee or appellant, means that the insurer intends to reduce its liability by the amount received from others who are responsible for the damage or injury.

A "contract should not be given a forced, unnatural or unreasonable construction which would extend or restrict the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion or render the policy nonsensical and ineffective." *Dixon v. Gunter,* 636 S.W.2d 437, 441 (Tenn.App.1982). If the policy issued by Grange to the Elsners was intended to have the limitation argued by Grange, the policy should have been clearly written into the contract.

Under the language of the uninsured/underinsured motorist coverage limitation, we find no limitation or setoff available for Grange for medical payments made by the Elsners' medical insurance company.

If the limitation contended for by Grange was to be a part of the contract, it must be clearly written into the policy.

The judgment of the trial court is affirmed and the cause remanded to the trial court for further necessary proceedings. The costs on appeal are assessed to the appellant, Grange Mutual Insurance Co.

TODD, P.J., and CANTRELL, J., concur.