# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT KNOXVILLE

FILED

February 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THE VIRGINIA INSURANCE RECIPROCAL, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Knox Chancery No. 129320-2 |
| | ) | |
| VS. | ) | Appeal No. 03A01-9705-CH-00177 |
| | ) | |
| WAGNER, MYERS & SANGER, P.C., | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE CHANCERY COURT OF KNOX COUNTY
AT KNOXVILLE, TENNESSEE
THE HONORABLE FRANK WILLIAMS, III, CHANCELLOR

**LAWRENCE A. WELCH, JR.**
Greeneville, Tennessee
Attorney for Appellant

**CHARLES A. WAGNER, III**
**WAGNER, MYERS & SANGER, P.C.**
Knoxville, Tennessee
Attorney for Appellee

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**WILLIAM H. WILLIAMS, Sr. J.**

Plaintiff Virginia Insurance Reciprocal (Insurance Company) appeals the trial court's

order granting the motion for summary judgment filed by Defendant/Appellee Wagner, Myers & Sanger, P.C. (Law Firm). In entering a summary judgment in favor of the Law Firm, the trial court ruled that, under the terms of the parties' insurance policy, the Law Firm had no obligation to reimburse the Insurance Company for amounts paid by the Company within the amount of the policy's $25,000 deductible. We reverse the trial court's judgment and remand for further proceedings.

The Law Firm was covered by a professional liability insurance policy provided by the Insurance Company. Under the terms of the policy, the Insurance Company had "the right to make such investigation and settlement of any claim, proceeding, or suit as it deem[ed] expedient." The policy also provided that, if the Insurance Company "paid any amount in settlement or satisfaction of judgment" within the amount of the policy's deductible, the Law Firm would be liable to the Company for any and all such amounts. (T.R. Vol. I, p. 45) The policy's per-claim deductible was $25,000.

During the effective period of the insurance policy, the Law Firm was sued by a federal savings and loan association. Over the Law Firm's objections, the Insurance Company ultimately settled the lawsuit for the amount of the deductible, $25,000. The Insurance Company then billed the Law Firm for $11,346.86, the amount the Company claimed was the balance due of the Law Firm's deductible. The Law Firm previously had paid the Insurance Company $13,746.88 of the deductible for defense costs and associated expenses.

When the Law Firm refused to pay the balance, the Insurance Company filed this lawsuit. The Law Firm responded by filing a motion for summary judgment in which it argued that it had no obligation to pay the deductible to the Insurance Company because the Company's payment was not made "in settlement or satisfaction of judgment" as required by the provisions of the insurance policy, but instead was made in settlement of a claim. The Law Firm reasoned that, inasmuch as the Insurance Company settled the lawsuit prior to judgment, the deductible did not apply to the settlement amount. The trial

2

court agreed and granted the Law Firm's motion for summary judgment. This appeal followed.

On appeal, the Insurance Company contends that the phrase "paid any amount in settlement or satisfaction of judgment," when read in conjunction with the other provisions of the insurance policy, is not ambiguous and, in accordance with its usual and ordinary meaning, requires that the deductible be applied to the amounts paid by the Company in settling the lawsuit against the Law Firm. In urging this court to affirm the trial court's judgment, the Law Firm contends that the phrase is not ambiguous and that the term "settlement" refers only to settlement of a judgment and not settlement of a claim or suit. Alternatively, the Law Firm contends that, if the phrase is ambiguous, this provision should be construed against the Insurance Company. In essence, the Insurance Company asks this court to construe the phrase to mean "paid any amount in settlement [of claim] or satisfaction or judgment," while the Law Firm asks us to construe the phrase to mean "paid any amount in settlement [of judgment] or satisfaction of judgment."

If it were not for the other provisions of the insurance policy, we might agree with the Law Firm that this phrase is ambiguous and should be construed against the Insurance Company. A cardinal principle of insurance law is that any ambiguity in the language employed in an insurance policy should be construed against the insurer and in favor of the insured. Alvis v. Mutual Benefit Health & Accident Ass'n, 297 S.W.2d 643, 646 (Tenn. 1956); accord Elsner v. Walker, 879 S.W.2d 852, 855 (Tenn. App. 1994). The paramount rule of construction in insurance law, however, is to ascertain the intent of the parties, which is derived from examining the four corners of the policy and giving effect to all its parts. Blue Diamond Coal Co. v. Holland-America Ins. Co., 671 S.W.2d 829, 833 (Tenn. 1984). Applying this rule of construction, we conclude that the policy provision at issue, when construed in light of the policy's other provisions relating to the $25,000 deductible, does not relieve the Law Firm of liability for amounts paid by the Insurance Company within the amount of the deductible to settle a claim against the Law Firm.

3

As the Law Firm concedes, the insurance policy gave the Insurance Company the right to settle any claim or suit as the Company deemed expedient, with or without the Law Firm's approval. Under the terms of the policy, the $25,000 deductible applied "to each claim made under the policy." The policy defined "claim" as "a demand received by the insured for money including the service of suit or the institution of other proceedings against the insured." Accordingly, the deductible applied to "each claim" made under the policy without regard to whether or not the claim was successfully pursued to judgment.

Moreover, in describing how the deductible would be applied to each claim, the policy provided that the deductible amount of $25,000 would "be subtracted from the total amount of damages and claims expenses resulting from each claim first made and reported to the Company during the policy period." The policy defined "damage" to include "a monetary judgment, award, or settlement." Thus, the deductible was to be subtracted from the total amount of damages (and expenses) resulting from each claim regardless of whether the damages were paid pursuant to a judgment or a settlement.

Finally, the insurance policy's provisions relating to the deductible expressly limited the Insurance Company's liability under the policy to "the difference between such deductible amount and the amount of insurance otherwise applicable." Such a provision supports the conclusion that the Law Firm was responsible for the entire amount of the deductible, regardless of the manner in which the Insurance Company satisfied the claim. Although the policy did not define the term "deductible," this construction is further supported by the usual meaning given this term in insurance law, i.e. the "portion of an insured loss to be borne by the insured before he is entitled to recovery from the insurer." Black's Law Dictionary 372 (5th ed. 1979).

In light of these provisions, we conclude that the trial court's construction of the policy provision regarding the Law Firm's obligation to pay the deductible cannot be sustained. We hold, therefore, that the policy provision at issue, which imposed liability on the Law Firm for any and all amounts paid "in settlement or satisfaction of judgment" within

4

the amount of the policy's deductible, applied not only to payments made by the Insurance Company pursuant to a judgment, but also to those made pursuant to a settlement. We believe that a contrary interpretation would conflict with the policy's remaining provisions relating to the deductible, which indicated that the deductible applied regardless of whether a claim was successfully pursued to judgment and regardless of whether damages were paid by the Insurance Company pursuant to a judgment or pursuant to a settlement.

The trial court's judgment is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the Law Firm, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
WILLIAMS, Sr., J.