# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

ROBERT EDMONDSON,                )
                                 )
    Plaintiff/Appellee,          )  Davidson Circuit No. 96C-4092
                                 )
VS.                              )  Appeal No. 01A01-9802-CV-00097
                                 )
MARCUS P. SOLOMON and            )
BRENDA SOLOMON, and              )
                                 )
HAULERS INSURANCE COMPANY,       )
INC.,                            )
                                 )
    Defendant/Appellant.         )

**FILED**

January 14, 1999

Cecil W. Crowson
Appellate Court Clerk

## APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE
## THE HONORABLE WALTER C. KURTZ, JUDGE

CYNTHIA D. PLYMIRE
ORTALE, KELLEY, HERBERT & CRAWFORD, LLP
Nashville, Tennessee
Attorney for Appellant

SARA STEIN
Nashville
Attorney for Appellee

**AFFIRMED**

ALAN E. HIGHERS, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

Defendant Haulers Insurance ("Haulers" or "Appellant"), appeals the trial court's denial of Haulers' Motion for Partial Summary Judgment seeking a setoff against the total amount of uninsured motorists coverage due under the Haulers policy, for disability amounts paid to Plaintiff, Robert Edmondson ("Edmondson" or "Appellee"), by his employer and under a disability policy.

## I. Factual and Procedural History

The Plaintiff, Robert Edmondson, and the Defendants, Marcus P. Solomon and Brenda Solomon, were involved in an automobile accident on February 12, 1996, in Nashville, Davidson County, Tennessee. At the time of the accident, Edmondson was insured by a policy of insurance with Haulers Insurance Company, Inc. with $25,000 in uninsured/underinsured motorist coverage.

Following the accident, Edmondson received $5,054.30 in Accident and Sickness benefits from his employer pursuant to his employment contract, and $3,253.33 under an additional disability insurance policy.

Plaintiff filed an action against Defendants Solomon and Haulers seeking damages arising from injuries in the accident. On October 20, 1997, Haulers filed a Motion for Partial Summary Judgment seeking a setoff against the total amount of uninsured motorists coverage due under the Haulers' policy for disability amounts paid by Edmondson's employer and under a disability policy of insurance. In support of this motion, Haulers relied on the following policy provisions:

> B. The limit of liability shall be reduced by all sums:
>    2. Paid or payable because of the "bodily injury" under any of the following or similar law.
>       a. Workers' compensation law; or
>       b. Disability benefits law.
>
> F. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law.
>       1. Workers' compensation law; or
>       2. Disability benefits law.

Thus, Haulers argued that its $25,000.00 limit of liability should be reduced by the $8,307.63 disability payments already received by Edmondson from other sources.

Edmondson filed a response in opposition to this motion. Edmondson argued that the exclusionary

2

language in the policy specifically refers to benefits paid under workers' compensation law, disability benefits law or similar law. It was Edmondson's contention that the Haulers policy refers to benefits created by legislative enactment, such as Social Security disability or workers' compensation and therefore does not refer to the type of benefits Edmondson received because his benefits were paid by operation of contract and not operation of law.

Following argument of counsel, the Fifth Circuit for Davidson County entered an Order denying Haulers' Motion for Partial Summary Judgment. On January 16, 1998 Haulers filed a Motion for an Interlocutory Appeal for determination of the issue of setoff. This motion was denied on January 21, 1998.

An Agreed Judgment Order was filed in favor of Edmondson against the unnamed Defendant Haulers in the amount of $25,000.00 and dismissing the case against the Solomons on January 29, 1998. Haulers then paid to Edmondson the judgment amount with the exception of the disputed $8,307.63, which was paid directly into the Court pending this Court's decision on appeal.

## II. Setoff Under the Haulers Policy

Appellant contends that the trial court erred in not allowing Haulers, pursuant to its policy provisions, to reduce its limit of liability for disability benefits paid to Edmondson by other sources.

Haulers contends that the clear intent of the limiting provisions is to allow setoff against uninsured motorist coverage for payments already paid by other sources. Edmondson argues that the word "law" is not ambiguous. It refers to benefits created by legislative enactment, such as Social Security disability or workers' compensation. The benefits paid to Edmondson were paid pursuant to contract and not due to any legislative enactment.

Contracts of insurance are to be interpreted like other contracts. That is, they should be construed according to the usual, natural, and ordinary meaning of the language employed. American National Property and Cas. Co. v. Gray, 803 S.W.2d 693, 696 (Tenn. App.1990). The ordinary meaning of "workers' compensation law" or "disability benefits law" would encompass workers' compensation or disability benefits

3

paid by operation of law. Haulers wants this Court to extend the meaning of these terms to include benefits paid by operation of contract. This Court is of the opinion that the terms used are clear and should be given their ordinary meaning.

This case bears some similarity to Elsner v. Walker, 879 S.W.2d 852, (Tenn. App. 1994). In Elsner, the Uninsured Motorists policy provided that "the limit of liability shall be reduced by all sums paid because of bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible." The insurer sought a setoff for medical insurance coverage provided to the plaintiffs by their medical insurance carrier. The court interpreted the language "persons or organizations who may be legally responsible" to mean exactly what it said and nothing more. The Court noted that nowhere in the policy is there an explicit, plain statement that [the insurer's] liability will be reduced by sums paid by an insured's medical insurance carrier. If the insurer had intended that they be entitled to a reduction for payments of an insured's medical insurance, it could have included such a provision. Id. at 854.

In the Elsner case the insurer sought to have the court, in essence, nullify the qualifying term "by or on behalf of persons or organizations who may be *legally responsible*" and allow setoff for benefits paid by other sources. In the case before this Court, Haulers seeks to have this court nullify the word "law" from the clause and allow setoff for benefits paid by other sources. Haulers' argument only can be that the policy language is unclear and should be sufficiently inclusive to cover setoff for benefits paid by operation of contract, even though not specifically stated in the policy.

An "ambiguity" in a contract or insurance policy is doubt or uncertainty arising from the possibility of the same language being fairly understood in more ways than one. NSA DBA Benefit Plan, Inc. v. Connecticut General Life Ins. Co., 968 S.W.2d 791 (Tenn. App. 1997). This Court does not find the terms "workers' compensation law" or "disability benefits law" to be ambiguous. The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. Conley v. Pacific Mutual Life. Ins. Co. of California, 8 Tenn. App. 405 (1928).

Even if this Court were to find that the language used was ambiguous, Haulers' argument would not have merit. Tennessee law is well settled that any ambiguity in contracts, including insurance contracts, must

4

be construed in favor of the insured. <u>Elsner</u> at 854. *See also* <u>Allstate Ins. Co. v. Watts</u>, 811 S.W.2d 883 (Tenn. 1991) (exceptions, exclusions and limitations in policies must be construed against the insurer and in favor of the insured); <u>U.S. Fidelity & Guar. Co. v. Murray Ohio Mfg. Co.</u>, 693 F.Supp. 617, 620 (M.D. Tenn. 1988) (exclusion clauses must be strictly construed in a manner most favorable to the insured).

An insurer may limit risk or coverage as it deems best. <u>Horace Mann Mut. Ins. Co. v. Burrow</u>, 373 S.W.2d 469 (Tenn. 1963). Under Tennessee's uninsured motorist statutes and the common law, insurers may include offsets which are designed to avoid duplication of insurance and other benefits. *See* Tenn. Code Ann. §56-7-1205. This Court does not in any way seek to abridge Haulers' right to create such an exclusion reducing its liability by sums paid pursuant to law, contract and/or any other sources. However, this Court holds that Haulers did not create such a broad exclusion in the policy at issue here. Insureds should not have to consult a long line of cases or consult law review articles or treatises to determine the meaning of policy language. <u>Elsner</u> at 855. If the limitation contended by Haulers is to be part of the contract, it must be clearly written into the policy.

The ordinary meaning of the terms used in this policy allows Haulers an offset only for disability and workers compensation benefits paid pursuant to *law*. Under the language of the uninsured motorist coverage limitation, we find no limitation or setoff available to Haulers for disability or workers compensation benefits paid to Edmondson pursuant to his employment contract and/or his own disability insurance policy. For the foregoing reasons, the trial court did not err in denying Haulers' Motion for Partial Summary Judgment.

### III. Conclusion

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

5

CRAWFORD, P.J., W.S.

FARMER, J.